IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EFRAIN ORTIZ,<br><br>             Plaintiff,<br><br>v.<br><br>PHELAN HALLINAN DIAMOND & JONES, LLP, f/k/a PHELAN HALLINAN, LLP, FEDERAL NATIONAL MORTGAGE ASSOCIATION, MATTHEW G. BRUSHWOOD, ESQ., JPMORGAN CHASE, NATIONAL ASSOCIATION SUCCESSOR BY CHASE HOME FINANCE, and JONATHAN LOBB, ESQ.,<br><br>             Defendants. | CIVIL ACTION<br>NO. 16-4826 |

**MEMORANDUM OPINION**

**Schmehl, J.  /s/ JLS**                                                                       **May 11, 2017**

      Before the Court is the motion to dismiss of Defendants, Phlean Hallinan Diamond & Jones, LLP, f/k/a Phelan Hallihan, LLP, Matthew G. Brushwood, Esquire and Jonathan Lobb, Esq. ("Defendants"). Plaintiff, Efrain Ortiz, ("Plaintiff") has failed to oppose the motion. Having read Defendants' briefing and due to in part to Plaintiff's failure to oppose Defendants' motion, I will grant Defendants' motion and dismiss Plaintiff's Complaint.

    **I.**      **BACKGROUND**

      Plaintiff filed this action against the moving defendants on September 8, 2016, as well as against Federal National Mortgage Association and JPMorgan Chase, National Association Successor by Chase Home Finance. On that same day, Plaintiff also filed a Motion for Emergency Hearing, seeking to stop a sheriff's sale of his home that was scheduled for the next day. Despite issuance of summonses to him, Plaintiff has failed to

effectuate proper service of the Complaint upon any of the defendants. For the reasons that follow, I will grant moving defendants' Motion to Dismiss. I will also dismiss Plaintiff's Complaint without prejudice as to the two remaining defendants due to Plaintiff's failure to prosecute.

## II. STATEMENT OF FACTS

Plaintiff and his co-borrower, Janette Ortiz, executed a mortgage and Plaintiff executed a promissory note on November 21, 2007, on property located at 44 Winding Brook Drive, Sinking Spring, PA to Chase Bank USA, N.A., in the principal amount of $401,729.00. The Mortgage provided that in the event of default, the "Lender" may declare the entire indebtedness secured by the Mortgage immediately due and payable and foreclose on the Mortgage.

On May 3, 2014, Defendants filed a foreclosure complaint on behalf of Chase, and while the foreclosure was pending, the Mortgage was assigned to Fannie Mae. On March 24, 2015, the Honorable Linda K.M. Ludgate entered an *in rem* judgment in favor of Fannie Mae and against Plaintiff and Janette Ortiz for $719,773.97, plus interest from December 17, 2014. On May 21, 2015, Plaintiff filed an untimely appeal, which was dismissed by the Superior Court on July 17, 2015, for failure to comply with Pa.R.A.P. 3517. The Property was sold at the September 9, 2016, Sheriff's Sale by the Berks County Sheriff's Office to Fannie Mae.

## III. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Burtch v. Millberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) (citing Iqbal, 556 U.S. at 678).

The Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Connelly v. Lane Construction Corp., 809 F.3d 780, 787 (3d Cir. 2016) (quoting Iqbal, 556 U.S. at 675, 679); *see also* Burtch, 662 F.3d at 221; Malleus v. George, 641 F.3d 560, 563 (3d. Cir. 2011); Santiago v. Warminster Township, 629 F.3d 121, 130 (3d. Cir. 2010).

Further, Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." Fed.R.Civ.P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) therefore challenges the power of a federal court to hear a claim or case. *See* Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006). In the face of a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction." Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir.2000); *see also* Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.").

## IV. DISCUSSION

Plaintiff's Complaint states in the caption that it is for violations of the Fair Debt Collections Practices Act ("FDCPA"), then the body of the Complaint purports to set forth claims for a forged and fraudulent promissory note, mortgage note and notary page, assignment of a mortgage that was forged and fraudulently created and breach of contract. Defendants' motion moves to dismiss the complaint because the FDCPA claim is time-barred and because Plaintiff's action is barred by the Rooker-Feldman doctrine. For the reasons that follow, I will dismiss Plaintiff's Complaint with prejudice as to moving defendants due to Plaintiff's failure to respond to Defendants' motion to dismiss, because the FDCPA claims are time-barred, and because the Complaint is barred by the Rooker-Feldman doctrine. I will also dismiss Plaintiff's Complaint as to the remaining defendants without prejudice due to Plaintiff's failure to serve these defendants with the complaint and summonses.

Plaintiff has failed to respond to the motion to dismiss filed by defendants. Failure to make a timely response allows the court to treat a motion as uncontested. Move Organization v. City of Philadelphia, 89 F.R.D. 521, 523 (E.D. Pa. 1981). Plaintiff's response was due in November of 2016, and he has not responded, nor has he requested additional time to do so.

Rule 7.1(c) of the local Rules of Civil Procedure for the Eastern District of Pennsylvania provides that "[i]n the absence of a timely response, the motion may be granted as uncontested except as provided under [the Federal Rules of Civil Procedure governing summary judgment motions];" *see also* Celestial Community Development Corp., Inc., v. City of Philadelphia, 901 F.Supp.2d 566, 578 (E.D. Pa. 2010)(Gardner, J.)

("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested."); Nelson v. DeVry, Inc., No. 07-4436, 2009 WL 1213640 (E.D. Pa. April 23, 2009)(Jones, J.) ("Failure to address even part of a motion in a responsive brief may result in that aspect of the motion being treated as unopposed."). Accordingly, Defendants' motion to dismiss is granted as unopposed. However, even if I were not to consider the motion unopposed, I would nonetheless grant the motion and dismiss Plaintiff's Complaint as to Defendants on the merits.

To the extent Plaintiff's claims against Defendants are based upon alleged violations of the FDCPA, Plaintiff's claims are time-barred. The FDCPA statute of limitations states that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court . . . within one year from the date on which the violation occurs." 15 U.S.C.A. §1692k. FDCPA claims arising from debt collection litigation accrue at the initiation of the underlying litigation. Schaffhauser v. Citibank (S.D.) N.A., 340 F.App'x 128, 130-31 (3d Cir. 2009) (holding that when "FDCPA claims are premised upon allegations of improper pursuit of debt collection litigation" the "claims accrue upon filing the underlying collection action" or the "date on which the purported debtor was served with the complaint.") "The statute of limitations begins to run at the moment the violation occurs, without regard as to when the Plaintiff gained knowledge of her cause of action." Shivone v. Washington Mutual Bank, F.A. 2008 WL 3154688, *2 (E.D. Pa., Aug. 5, 2008).

In the instant matter, Plaintiff's Complaint alleges that the moving defendants violated the FDCPA by filing a foreclosure complaint on May 3, 2013, over three years

5

prior to Plaintiff's commencement of the instant action. The filing of this foreclosure complaint is the action that is considered for the purposes of defendants' alleged FDCPA violations. Accordingly, Plaintiff needed to file his Complaint in this matter by May 3, 2014 in order to comply with the FDCPA statute of limitations. As he failed to do so, he has failed to set forth a cause of action against the moving defendants under the FDCPA and his Complaint must be dismissed.

Defendants also argue that Plaintiff's Complaint is actually an attempt to circumvent the already-completed state court foreclosure action, in which a final judgment in foreclosure was entered in 2015. Defendants argue this type of forum-shopping is forbidden by the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine bars a federal claim "if the federal claim is inextricably intertwined with [a] state court adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." Knapper v. Bankers Trust Co., 407 F.3d 573, 580 (3d Cir. 2005). The Third Circuit has stated that four elements must be met for Rooker-Feldman to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Stewart v. JPMorgan Chase Bank, N.A., 473 B.R. 612, 630 (Bankr. W.D. Pa. 2012) (internal citations omitted). These four elements clearly exist in the instant matter. First, Plaintiff was unsuccessful in the state court foreclosure action, as a final judgment in foreclosure was entered against him on March 24, 2015, and Plaintiff complains of losing his home in foreclosure, injury caused by the state court judgment. The state court judgment in

foreclosure was entered over three years before Plaintiff filed the instant suit, and in this action, Plaintiff is asking the Court to review the state court judgment in foreclosure and reject it. This I cannot do, as Rooker-Feldman clearly applies to this scenario. Numerous courts in the Third Circuit have found that claims which arise out of mortgage foreclosure actions in which a judgment was entered are precluded by Rooker-Feldman. *See, e.g.*, Reiter v. Washington Mut. Bank, 455 Fed. Appx. 188, 190-91 (3d Cir. 2011) (federal court did not have subject matter jurisdiction to review mortgagor's challenges to adverse state court foreclosure judgment pursuant to Rooker-Feldman); Easley v. New Century Mortg. Corp., 394 Fed. Appx. 946, 948 (3d Cir. 2010) (Rooker-Feldman barred subsequent challenge to injuries caused by state court foreclosure judgment); Moncrief v. Chase Manhattan Mortg. Corp., 275 Fed. Appx. 149 (3d Cir. 2008).

In the instant matter, Plaintiff is effectively trying to reverse the outcome of the state court foreclosure proceedings. If I were to grant Plaintiff the relief that he requests, I would have to review the validity of the state court foreclosure proceedings and find that the judgment entered in foreclosure was improper. This is barred by the Rooker-Feldman doctrine. Therefore, this Court lacks jurisdiction over Plaintiff's claims and his Complaint is dismissed with prejudice as to moving Defendants.

## V. **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint is granted.